UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

Case No. 2:17-cr-20053-10

HONORABLE STEPHEN J. MURPHY, III

v.

CIELO MONIQUE STEWARD,

         Defendant.
                                  /

**OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [366]**

Defendant Cielo Monique Steward moved for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 366. Defendant first claimed that she need not exhaust her administrative remedies because she is not in the Federal Bureau of Prisons' custody. *Id.* at 2782. She also claimed that her obesity is "a known risk factor for COVID 19." *Id.* at 2777. The Government opposed the motion for compassionate release. ECF 374. Because Defendant did not exhaust her administrative remedies the Court will deny the motion without prejudice.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) she has exhausted all administrative remedies, or (2) thirty days have passed since the warden of Defendant's facility received the request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that she has exhausted all

1

her administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Here, Defendant has not exhausted her administrative remedies. She argues that it would be impossible to exhaust her administrative remedies because she "is not being held in the Federal Bureau of Prisons." ECF 366, PgID 2782.[1] But she is currently housed in a private facility that has a contract with the United States Marshals to house federal prisoners. ECF 366, PgID 2777, ECF 374, PgID 2825. And the text of the First Step Act does not limit the exhaustion requirement to individuals held by the Bureau of Prisons. *See* § 3582(c)(1)(A). Rather, it applies to individuals in non-federal prison settings. *See United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (holding that the exhaustion requirement applies to individuals in residential reentry centers). Because Defendant did not exhaust her administrative remedies the Court will deny her motion for compassionate release without prejudice.

---

[1] But the motion itself contradicts the assertion that Defendant could not exhaust her administrative remedies. Defendant admits that the day before she filed the pending motion her attorney sent letters to the director of her correctional facility, the director of the Bureau of Prisons, the director of the U.S. Marshal Service, and the U.S. Marshal for the Eastern District of Michigan. These letters requested that they file a motion for compassionate release on Defendant's behalf. ECF 366, PgID 2783.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [366] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: February 11, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2021, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager